UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, INC.,<br>        Plaintiff,<br><br>        v.<br><br>JOHN DOE Subscriber<br>Assigned IP Address<br>146.115.69.40,<br>        Defendant. | No. 23-cv-10401-NMG |

**MEMORANDUM AND ORDER ON PLAINITFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

CABELL, U.S.M.J.

Plaintiff Strike 3 Holdings, LLC ("Strike 3"), a producer of adult films, alleges that a John Doe defendant ("John Doe") engaged in copyright infringement by downloading and distributing constituent elements of 27 Strike 3 copyrighted films using BitTorrent, a file distribution network. (D. 1, ¶¶ 1-4, 17, 49) (D. 1-1). At present, Strike 3 only knows John Doe by an internet protocol ("IP") address. Realistically, "[i]nternet service providers are the only entities that can link an IP address to its subscriber." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1206 (D.C. Cir. 2020). In order to identify John Doe's name and address to effectuate service of process, Strike 3 therefore requests leave to serve a third-party subpoena on John Doe's internet service

provider ("ISP"), RCN, prior to a Fed. R. Civ. P. 26(f) conference. (D. 8) (D. 9, pp. 2, 7-8). Strike 3 maintains the requested discovery seeking John Doe's name and address is appropriate under Fed. R. Civ. P. 26(d)(1) ("Rule 26(d)(1)"). For reasons stated below, Strike 3 is correct, and the motion for leave (D. 8) is allowed.

I.  **BACKGROUND**

As described in sworn declarations, BitTorrent is an online peer-to-peer sharing network. (D. 9-1, ¶ 44) (D. 9-2, ¶¶ 21-23). BitTorrent software can break a large file, such as a movie, into pieces, which facilitates interconnected sharing among BitTorrent users targeting the same file. (D. 9-1, ¶ 44) (D. 9-2, ¶¶ 21-23). Such users form a "swarm." (D. 9-2, ¶ 23). "[T]o download content through BitTorrent, a user will first download" the software and "obtain a '.torrent' file for the specific file that has been broken into pieces." (D. 9-1, ¶ 44) (D. 9-2, ¶ 21). The BitTorrent software functions by identifying other pieces of the targeted, desired file across the BitTorrent network using a unique identifier in the metadata of that file referred to as "'Info Hash.'" (D. 9-1, ¶ 44) (D. 9-2, ¶¶ 20-26). The software thereby receives pieces of the desired file from other BitTorrent peers in the same swarm for that file, which it reassembles and downloads to the user's computer thereby creating a "playable movie file." (D. 9-1, ¶¶ 44, 54) (D. 9-2, ¶¶ 21-23). Accordingly, having

downloaded BitTorrent software, the user connects with other users in simultaneous transactions receiving and downloading pieces of the desired file from other users to create the playable movie. (D. 9-1, ¶¶ 44, 54) (D. 9-2, ¶¶ 21-23).  The software also enables distributing the pieces of the file to share with other BitTorrent peers in the same swarm.  (D. 9-1, ¶¶ 44, 54-55).

Strike 3 owns and uses an infringement detection system, i.e., VXN Scan ("VXN"), which can interact with computers on the BitTorrent network.  (D. 9-1, ¶¶ 44, 47, 54).  Significantly, VXN software can:  search and locate computer files containing a "title of one of [Strike 3's] works"; "download the .torrent file and a full copy of the targeted[,] [desired] computer file from the whole BitTorrent swarm"; download pieces of the targeted, desired file offered by "'peers' in the BitTorrent 'swarm'"; identify the IP addresses connecting to VXN and offering the pieces to VXN; and capture the network transaction by date, time, and IP address. (D. 9-1, ¶¶ 44-45, 47-48, 53-55, 59, 61-63, 65-66, 69, 72, 74). In short, using VXN software, Strike 3 can record and download transactions by date, time, and IP address of BitTorrent peers in a swarm offering pieces of a copyrighted motion picture to VXN. (D. 9-1, ¶¶ 13, 44-45, 47-48, 53-55, 59, 61-63, 65-66, 69, 72).

"For each work [allegedly] infringed," exhibit A to the complaint lists "a single transaction" recorded by VXN.  (D. 1, ¶¶ 4, 29, 37-43, 45) (D. 1-1).  Exhibit A identifies John Doe's IP

3

address and lists 27 copyrighted motion pictures by registration number and 27 single transactions. (D. 1-1) (D. 9-3, ¶¶ 10-11) (D. 1, ¶ 40). An individual working for Strike 3 viewed and compared "each digital media file" to Strike 3's copyrighted motion pictures listed by registration number in exhibit A. (D. 9-3, ¶¶ 7-10). Significantly, she concluded that each file is identical or substantially similar to a copyrighted Strike 3 motion picture listed on exhibit A. (D. 9-3, ¶¶ 7-11). Relatedly, the complaint states that VXN established direct connections with John Doe's IP address and "captured transactions from [John Doe] sharing specific pieces of 27 digital media files that have been determined to be identical (or substantially similar) to . . . copyrighted work(s) that [Strike 3] owns." (D. 1, ¶¶ 28-29, 37). More broadly, the complaint alleges that John Doe infringed constituent elements of 27 motion pictures by "downloading Strike 3's motion pictures as well as distributing them to others." (D. 1, ¶¶ 28, 43, 49).

Strike 3 uses a third-party database that compiles information it receives from ISPs. (D. 9-1, ¶ 77). By connecting to this database, VXN determines the ISP assigned to an IP address and traces the IP address to a city and state. (D. 9-1, ¶¶ 76-78). As noted, RCN is John Doe's ISP. (D. 9-2, ¶ 28). Only RCN can correlate John Doe's IP address to John Doe, its subscriber, and identify John Doe as the person assigned to the IP address. (D. 9-2, ¶ 28).

## II. **DISCUSSION**

Rule 26(d) allows a party to seek discovery before a Rule 26(f) conference "by court order." Fed. R. Civ. P. 26(d)(1). The First Circuit has yet to decide the applicable standard to engage in Rule 26(d) discovery prior to a Rule 26(f) conference to uncover the identity of an unknown John Doe defendant. *See Breaking Glass Pictures v. Swarm Sharing Hash File SHA1: 973F491D02C1E0220DBC534D8F8EDC15FC53FAEF*, Civil Action No. 13-10735-PBS, 2013 WL 2407226, at *1 (D. Mass. May 1, 2013). Courts in this district and elsewhere often require a showing of "good cause" to order Rule 26(d) discovery. *See*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, Civil Action No. 21-3702-KSM, 2021 WL 3784262, at *1 (E.D. Pa. Aug. 26, 2021); *Viken Detection Corp. v. Doe*, No. 19-cv-12034-NMG, 2019 WL 5268725, at *1 (D. Mass. Oct. 17, 2019). The requisite analysis evaluates the following factors used in *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004):

> (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy.

*Id.* at 564-65 (citations omitted); *see*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2022 WL 1050341, No. 3:22-cv-301-VLB, at *2 (D. Conn. Mar. 10, 2022); *Strike 3 Holdings, LLC v. Doe*, 2021 WL 3784262, at

*1; *Viken Detection*, 2019 WL 5268725, at *1; *UN4 Productions, Inc. v. Doe-173.68.177.95*, 17-CV-3278(PKC), 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 164 (D. Mass. 2008). Other courts adhere to the relevance and proportionality standard in Fed. R. Civ. P. 26(b)(1) applicable after the 2015 amendments to that rule. *See*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020). Strike 3 identifies both standards and maintains discovery is warranted under both standards. (D. 9, p. 5). While this court strongly favors and endorses the good cause standard using the *Sony Music* factors, it is not necessary to decide which standard applies because under either standard the discovery is undeniably appropriate.

Turning to the *Sony Music* factors in numerical order, the first factor requires showing "a prima facie claim of actionable harm." *Sony Music*, 326 F. Supp. 2d at 564-65. The only claim in the complaint is copyright infringement. (D. 1). "To establish copyright infringement, the plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Perea v. Editorial Cultural, Inc.*, 13 F.4th 43, 52 (1st Cir. 2021) (internal quotation marks and citation omitted); *accord Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Strike 3 owns the copyrights to the motion pictures distributed through four adult

brands. (D. 9-1, ¶ 13) (D. 1, ¶ 45). Exhibit A identifies 27 motion pictures by the copyright registration number and the associated brand and 27 transactions involving John Doe's IP address. (D. 1-1) (D. 1, ¶¶ 37-42). As explained in the factual background and set out in the complaint, the BitTorrent user associated with John Doe's IP address downloaded and distributed copyrighted material across the BitTorrent network. Strike 3's VXN not only identified the IP address but also the time and date of 27 transactions sharing pieces of 27 digital media files. (D. 1, ¶¶ 28-35, 37-43) (D. 9-1, ¶¶ 59, 61). The Strike 3 employee compared each digital media file with the 27 copyrighted motion pictures in exhibit A. She determined that each digital media file was identical or substantially similar to a copyrighted Strike 3 motion picture identified in exhibit A. (D. 1, ¶¶ 33-35) (D. 9-3, ¶¶ 7-11). The complaint (D. 1, 1-1), including reasonable inferences drawn therefrom, together with the declarations (D. 9-1, 9-2, 9-3) therefore sets out a prima facie claim of copyright infringement of Strike 3's copyrighted motion pictures. In addition, one of the declarants details the harm experienced by Strike 3. (D. 9-1, ¶¶ 13, 27-28, 37). Accordingly, this factor weighs heavily in favor of allowing the discovery.

Relative to the second factor, Strike 3 limits the subpoena to John Doe's name and address. (D. 9, p. 2). Case law deems this limited discovery sufficiently specific. *See Strike 3*

7

*Holdings, LLC v. Doe*, 18 CV 5586(LAK), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018) (Strike 3 seeks only the name and address of the subscriber associated with the defendant's IP address, which is a limited and highly specific set of facts.); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, 15-CV-7788(KMW), 2016 WL 1651869, at *2 (S.D.N.Y. Apr. 26, 2016) (characterizing discovery request for name and address of subscriber associated with IP address as "highly specific" and "reasonably likely to 'lead to identifying information that would make possible service upon'" defendant); *see also Breaking Glass*, 2013 WL 2407226, at *4.

Like the first and second factors, the third factor weighs decidedly in Strike 3's favor. In fact, the only realistic means for Strike 3 to learn John Doe's identity is to subpoena RCN, the ISP, for the IP address. See *Strike 3 Holdings, LLC v. Doe*, 964 F.3d at 1206 (D.C. Cir. 2020); *Viken Detection*, 2019 WL 5268725, at *1 ("only way the plaintiffs can realistically proceed in this lawsuit against the John Doe defendant(s) is . . . by subpoenaing" ISP "connected to the IP addresses"); *London-Sire*, 542 F. Supp. 2d at 179 (noting, in context of third factor, that only "ISP has any record of which IP addresses were assigned to which users"); *see also Strike 3 Holdings, LLC v. Doe*, 21-CV-10092(AJN), 2021 WL 5810934, at *2 (S.D.N.Y. Dec. 6, 2021) (describing "'BitTorrent

8

software [as] "largely anonymous" except'" for requiring "'user to broadcast the user's IP address'") (citation omitted).

A similar reason underlies the fourth factor. Simply stated, Strike 3 needs the information to advance this litigation. "Without names and addresses, the plaintiffs cannot serve process, and the litigation can never progress." *London-Sire*, 542 F. Supp. 2d at 179.

Finally, the last factor is largely neutral. Even if it weighed somewhat in John Doe's favor, the other four factors outweigh John Doe's expectation of privacy. Courts "recognize[] that 'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.'" *UN4 Productions,* 2017 WL 2589328, at *3 (collecting cases; citations omitted). Second, Strike 3 suggests this court issue a protective order with procedural safeguards. (D. 7, p. 9). Allowing the early discovery subject to procedural limitations in a notice accompanying the subpoena, as the court did in *Breaking Glass*, 2013 WL 2407226, at *4-5, and *Viken Detection*, 2019 WL 5268725, at *2, will sufficiently protect John Doe's privacy. *See Strike 3 Holdings, LLC v. Doe*, 2022 WL 1050341, at *3 ("limits set forth in the protective order protect the Defendant's expectation of privacy" and fifth factor thus weighs in favor of allowing Rule 26(d)(1) discovery).

9

Consistent with the practice of other courts, the notice shall inform the subscriber linked to John Doe's IP address "of a 30-day period in which [the subscriber] may move to quash the subpoena." *Viken Detection*, 2019 WL 5268725, at *2 (collecting cases and noting court has authority to condition "'subpoena on consumer notice and an opportunity to be heard'") (citations omitted). In addition, the subpoena shall direct RCN "to provide a copy of the Notice to [the] subscriber" linked to the John Doe IP address "within seven days of service of the subpoena" on RCN. *Breaking Glass*, 2013 WL 2407226, at * 4. RCN is also instructed to include a copy of this Memorandum and Order with the notice sent to the subscriber. In sum, the factors in *Sony Music* weigh strongly in favor of allowing Strike 3 to serve the subpoena alongside the notice.

Alternatively, examining the relevance and proportionality standard in Rule 26(b)(1), the rule limits discovery to matters that are relevant to a "party's claim . . . and proportional to the needs of the case, considering" various factors listed in the rule. Fed. R. Civ. P. 26(b)(1). A third-party subpoena is subject to the relevance and proportionality requirements of Rule 26(b)(1). *See Holloman v. Clarke*, 320 F.R.D. 102, 103 (D. Mass. 2017) (third-party subpoena issued "pursuant to Fed. R. Civ. P. 45, is subject to the 'relevance' requirement of Fed. R. Civ. P. 26(b)(1)"); *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D. Mass. 2015)

10

(Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)) (citation omitted), *modified on reconsideration*, 160 F. Supp. 3d 431 (D. Mass. 2016).  Strike 3 lacks "access to relevant information," Fed. R. Civ. P. 26(b)(1), consisting of the name and address of the individual linked to the IP address.  Moreover, the information is critical to "resolving the issues," Fed. R. Civ. P. 26(b)(1), because the case cannot proceed without it.  The early discovery is therefore relevant to the copyright infringement claim and proportional to the needs of this case.  Hence, the Rule 26(b)(1) standard yields the same result as the good cause standard employing the *Sony Music* factors, namely, allowing Strike 3 to serve the subpoena on Comcast seeking the subscriber's name and address together with the notice.  At this juncture, there is also no indication that the subpoena, which seeks limited information of a subscriber's name and address, imposes an undue burden on RCN under Fed. R. Civ. P. 45(d)(3).  *See generally Baker v. Hopkins*, Case No. 2:21-cv-00361-MJP, 2022 WL 305395, at *2 (W.D. Wash. Feb. 2, 2022) (recognizing court's authority to act sua sponte to avoid imposing undue burden on third-party subject to subpoena under Fed. R. Civ. P. 45(d)(1)); *accord Gibbons v. GC Serv. Ltd. P'ship*, Case No. 5:13-CV-00084-BO, 2013 WL 12430071, at *2 (E.D.N.C. Nov. 15, 2013).

### III. CONCLUSION

In accordance with the foregoing discussion, the motion for leave to serve a third-party subpoena on RCN seeking the name and address of the subscriber linked to the IP address at issue prior to a Rule 26(f) conference (D. 8) is **ALLOWED**. Strike 3 may serve the subpoena with the above-described notice on RCN, and the subpoena shall direct RCN to provide a copy of the notice to the subscriber within seven days of service of the subpoena. *See Breaking Glass*, 2013 WL 2407226, at * 4. The subpoena shall provide sufficient time to respond to allow the ISP to file objections or move to quash the subpoena should it so choose. Along with the notice, RCN shall provide a copy of this Memorandum and Order to the subscriber.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: May 2, 2023